In the Matter of the Estate of ALFONSO MINNELLI, Deceased.

Surrogate's Court, Erie County, November 28, 1966.

*Fitch, Swan, Castle, Fitch & Marron* (*Vilas M. Swan* of counsel), for petitioner. *Andrew L. Gaeta* for Estate of Catherine Minnelli, deceased.

WILLIAM J. REGAN, S. Alfonso Minnelli died on April 8, 1965 leaving Catherine Minnelli as his surviving spouse and two children of a prior marriage. His will was admitted to probate by this court and letters testamentary issued to a son, Emil Manel, on July 23, 1965. By the terms of paragraph Fourth of decedent's will he left: "FOURTH: I give, devise and bequeath to my wife, Catherine M. Minnelli, the use during the term of her natural life of my residence property and all furniture, linens, dishes and household items, that is, the property owned by me and occupied by me as my residence at the time of my death. Upon her death, I give, devise and bequeath my said residence property and all the furniture, linens, dishes and household items as follows: one-half ($\frac{1}{2}$) to my son, Emelio Minnelli; one-sixth ($\frac{1}{6}$) to my stepson, Martin Andreff; one-sixth ($\frac{1}{6}$) to my stepdaughter, Helen Andreff; and one-sixth ($\frac{1}{6}$) to my stepson, James Andreff, to be theirs absolutely forever."

Catherine Minnelli died on April 15, 1965. Her will was admitted to probate by this court on May 31, 1966 and letters testamentary issued to Andrew L. Gaeta and Helen Battaglia.

Prior to her death Catherine Minnelli served upon the executor of her husband's estate a notice of election. There is no dispute as to the timeliness nor legal form of such election. However, upon this judicial settlement proceeding the court has been requested to determine the effect of such election. The representative of the estate of Catherine Minnelli contends that paragraph Fourth of Alfonso Minnelli's will which gave his spouse a life tenancy in certain real property did not meet the requirements of section 18 of the Decedent Estate Law.

The net estate for distribution appears to be $30,790.11. The elective share of the surviving spouse would amount to $10,263.37. The value of the afore-mentioned real property was $13,500 and, as a matter of fact, was sold for that sum after the death of the surviving spouse. From the date of the testator's death

until her decease Catherine Minnelli resided upon the subject real estate and in effect availed herself of the life use thereof.

Many cases hold that a life estate in improved realty is the equivalent of a trust fund of money and if the capital value of such property is equal to or greater than the spouse's intestate share this bars the spouse's right of election, subject to her right to receive $2,500 outright. (*Matter of Barnett*, 84 N. Y. S. 2d 105.) Subdivision (g) of section 18 of the Decedent Estate Law reads: '' The provisions of this section with regard to trusts, with income payable for the life of the surviving spouse, likewise apply to a legal life estate, to an annuity for life or to any other provision of the will in which income for life is for the benefit of the surviving spouse. In computing the value of the provisions under the will the capital value of the fund or other property producing the income shall be taken and not the value of the life estate.''

As there is no dispute with regard to the capital value of the real estate involved the court holds that in this case the surviving spouse would be entitled to the limited right to take $2,500 outright. The court is of the opinion that the provisions of the will defeated the right of election by Catherine Minnelli, except that the sum of $2,500 should be paid, which the court hereby orders.